# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff /Respondent,

vs.                                                       Civil No. 00-1581 BB/WWD
                                                           Crim. No. 96-411 BB

EDWARD L. PYEATT,

    Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

1. THIS MATTER comes before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed November 6, 2000. Petitioner, who is incarcerated and is proceeding *pro se*, pled guilty to a conspiracy involving a large-scale methamphetamine distribution charge, stemming from his involvement in the Singleton drug conspiracy.

2. Petitioner claims that his trial attorney coerced him into signing a plea agreement while he was incompetent and "under the influence of psychotropic medication."

3. In its response, the Government argues that the petition is time-barred under the one-year statute of limitations period as set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2255 by adding a provision which precludes a prisoner from filing a § 2255 motion more than one year after the conviction becomes final. 28 U.S.C. § 2255(1); see United States v. Simmonds, 111 F.3d 737, 746 (10th Cir.1997).

4. Alternatively, Respondent contends that the Petitioner's claim is waived under the terms of the plea agreement, and that it fails to satisfy the requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984) for ineffective assistance of counsel.

5. The judgment in Petitioner's criminal case was entered on March 30, 1998 (Crim. No. 96-411 BB, docket # 1171). The docket in the criminal case does not indicate that Petitioner ever filed a direct appeal. Thus, his conviction became final ten days after his right to seek appeal ended, on April 10, 1998, FRAP 4(b)(1)(A)(i), making the deadline for filing a federal habeas petition April 10, 1999. The petition is therefore untimely by almost a year and a half, since it was filed on November 6, 2000.

6. As Respondent notes, even if Petitioner had filed a direct appeal, the petition would still be untimely. The Singleton opinion by the Tenth Circuit disposing of the direct appeals in the case was issued on January 8, 1999. See U.S. v. Singleton, 165 F.3d 1297 (10th Cir. 1999). Petitioner would have had until April 8, 2000 in which to file a federal habeas petition.[1]

7. Given that the petition is barred from federal habeas review, I need not address Respondent's remaining bases for dismissal. However, I note that I would recommend dismissal of Petitioner's sole claim on the merits as well even if the petition were timely.

8. To prove ineffective assistance of counsel in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have

---

[1] A judgment of conviction is final for purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal, regardless of whether a petition for rehearing from the denial of certiorari is filed, and where a defendant does not file a petition for writ of certiorari with the United States Supreme Court after a direct appeal, the judgment of conviction is final when the time for filing a certiorari petition expires. United States v. Burch, 202 F.3d 1274 (10th Cir. 2000).

pleaded guilty and would have insisted on going to trial.  Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir. 1989).

9.  The fact that Petitioner has a mental problem does not necessarily mean that he is incompetent to "knowingly and voluntarily enter a plea as well as aid and assist in his own defense." Wolf v. United States, 430 F.2d 443, 444 (10th Cir.1970).  At the plea proceedings held on November 21, 1997 before the Hon. Bruce D. Black, Petitioner told the Court that he had taken Digoxin for his "mental disorder" within the previous 24 hours.  Ans., Ex. C, at 43:14-23:[2]

> THE COURT: Does [Digoxin] affect your ability to reason or understand what is being said to you?
>
> THE DEFENDANT:  No, sir.
>
> THE COURT:  Do you understand what it happening here?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  You know we are here to change your plea?
>
> THE DEFENDANT:  Yes, sir.

10.  Mr. Adam Kurtz, Esq., Petitioner's defense counsel, acknowledged that Petitioner was being treated and followed by a physician at the detention center for his "mental problems and his disorders."  Mr. Kurtz assured the Court that he had worked closely with Petitioner over numerous months and believed that Petitioner knew what was happening at that proceeding and was "competent to enter into a plea." Ans., Ex. C, at 4:8-13.

11. And again during the sentencing, Mr. Kurtz referred to Petitioner's long-standing

---

[2] There was no inquiry as to why Petitioner was being treated for an alleged "mental disorder" with a cardiac drug.

problem with methamphetamine, which had "complicated" both Petitioner's legal problems and "mental state." However, Mr. Kurtz had "no doubt" that Petitioner understood the proceeding and the consequences of the plea. Ans., Ex. F, at 4:1-18. Other portions in the plea transcript indicate that Petitioner had read and reviewed the plea agreement, discussed it with counsel, and understood its terms. Ans., Ex. C at 5-6.

12. In this case, I find no evidence either in the allegations in the petition nor in the transcript of the proceeding which reasonably should have alerted Mr. Kurtz to a question as to Petitioner's competency. See United States v. Crews, 781 F.2d 826, 833 (10th Cir. 1986). Therefore, I find no constitutional deficiency in counsel's conduct. See Foster v. Ward et al.,182 F.3d 1177 (10th Cir. 1999) (court may address the performance and prejudice components in any order, but need not address both if petitioner fails to make a sufficient showing of one).

13. Even assuming that Mr. Kurtz's performance was deficient, Petitioner cannot establish prejudice in this scenario. A review of the pertinent record reveals that Petitioner received considerable advantages by pleading guilty, obtaining a substantial reduction in possible sentence with the sentence running concurrently to another lengthy sentence he was already serving for another felony conviction. Ans., Ex. A at 3, ¶¶ 4, 5 (plea agreement); Ex. C at 12:1-25 and 13:1-5 (plea proceeding); and Ex. F at 5-6 (sentencing proceeding).

14. Accordingly, I find that the petition is barred from review because it is untimely and that equitable tolling provisions do not apply in this case. Even assuming the petition to be timely, the § 2255 motion should be dismissed with prejudice for the reasons discussed above.

**Recommendation**

I recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant

to 28 U.S.C. § 2255 be DENIED and that this cause be DISMISSED WITH PREJUDICE in its entirety. Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                              UNITED STATES MAGISTRATE JUDGE